

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-31-2002

# USA v. Fitzgerald

Precedential or Non-Precedential:

Docket 0-2393

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Fitzgerald" (2002). *2002 Decisions.* Paper 82.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/82

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

Nos. 00-2393 & 00-2399
_____


UNITED STATES OF AMERICA

v.

DAVID J. FITZGERALD,
            Appellant at No. 00-2393

LENWOOD MALACHI,
            Appellant at No. 00-2399

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
D.C. Criminal Nos. 99-cr-00450-7 & 99-cr-00450-6
(Honorable Harvey Bartle, III)
_____


Submitted Pursuant to Third Circuit LAR 34.1(a)
December 13, 2001

Before:  SCIRICA and BARRY, Circuit Judges,
and MUNLEY, District Judge*




     *The Honorable James M. Munley, United States District Judge for the Middle
District of Pennsylvania, sitting by designation.

(Filed:  January 31, 2002)


_____

OPINION OF THE COURT
_____


PER CURIAM.

These drug trafficking cases require application of the rule stated in Apprendi v. New Jersey, 530 U.S. 466 (2000).

At a bench trial, defendants Lenwood Malachi and David Fitzgerald were convicted of conspiracy to distribute marijuana. In its verdict, the District Court found defendants were guilty of distributing "large quantities of marijuana." The court made no more specific findings with respect to drug quantities. Before the trial, defendants and the government agreed that the District Court would make findings of drug quantity at sentencing.

Following the verdicts, but before sentencing, the United States Supreme Court decided Apprendi v. New Jersey, 530 U.S. 466 (2000). The Court held, "'[I]t is unconstitutional for a legislature to remove from the jury the assessment of facts that increase the prescribed range of penalties to which a criminal defendant is exposed. It is equally clear that such facts must be established by proof beyond a reasonable doubt.'" Id. at 490 (quoting Jones v. United States, 526 U.S. 227, 252-53 (1999) (Stevens, J., concurring)).

As noted, the District Court made no findings at trial on specific drug quantities. Because of Apprendi, the government asked the court to supplement its findings to establish drug quantities, and to make, for these purposes, only such findings as could be established beyond a reasonable doubt. At sentencing, the District Court again stated defendants had trafficked "large quantities," but declined to make a specific finding beyond a reasonable doubt with respect to quantity.

The relevant statute establishes different ranges of punishments depending on the amount of drugs involved. 21 U.S.C. 841. The maximum punishment for trafficking less than fifty kilograms of marijuana is five years, or ten years if the defendant has previously been convicted of a felony drug offense. 841(b)(1)(D). If there is more than one thousand kilograms of marijuana which the government alleges represents the actual quantity distributed the maximum prescribed sentence is life imprisonment. 841(b)(1)(A).

The District Court made findings with respect to quantity only under the

preponderance of evidence standard. The District Court found Malachi conspired to distribute 1400 kilograms of marijuana, and Fitzgerald conspired to distribute 2600 kilograms of marijuana, by a preponderance of the evidence.

As initially calculated, the guidelines for Malachi specified a range of 121–150 months; for Fitzgerald, 168–210 months. Because there was no finding of drug quantity beyond a reasonable doubt, the District Court believed its authority after Apprendi was constrained by the statutory maximum for trafficking less than fifty kilograms of marijuana. For this reason, it sentenced Malachi to five years, the maximum for such a quantity absent a prior felony drug conviction. Because Fitzgerald had a prior felony drug conviction, it sentenced him to ten years, the maximum permitted for trafficking under fifty kilograms of marijuana. Defendants appeal.

In United States v. Williams, 235 F.3d 858 (3d Cir. 2000), we held Apprendi does not apply where a relevant factor raises the maximum statutory penalty, so long as the sentence actually imposed remains at or below the maximum applicable when the factor is not established beyond a reasonable doubt. Id. at 863. Because the District Court here imposed a sentence within the maximum statutory range for trafficking less than fifty kilograms of marijuana, Apprendi does not apply.

Defendants seek to avoid this conclusion by arguing that the District Court's verdict amounted to an acquittal of any charge that they conspired to traffic more than fifty kilograms of marijuana. It follows, they argue, that the District's finding of substantially greater amounts of marijuana for purposes of application of the sentencing guidelines which raised their sentences up to the statutory maxima amounted to double jeopardy, insofar as it negated the effect of the "acquittal." There is no basis, however, for defendants' claim that they were acquitted of trafficking more than fifty kilograms of marijuana.

Furthermore, an "acquittal does not prevent the sentencing court from considering conduct underlying the acquitted charge, so long as that conduct has been proved by a preponderance of the evidence." United States v. Watts, 519 U.S. 148, 157 (1997). Accordingly, it was appropriate to determine the applicable sentence (within the

constraints imposed by the statute) based on an amount of marijuana found by a preponderance of the evidence, though not beyond a reasonable doubt. This is simply a consequence of the different standards of proof employed.

Defendants contend the lack of a specific finding on quantity bars conviction under  841(b)(1)(D), which applies to trafficking less than fifty kilograms. They argue they can be convicted only under  841(b)(4), which applies to defendants who have "distribut[ed] a small quantity of marihuana for no remuneration," because their responsibility for more than "a small quantity" has not been established beyond a reasonable doubt. But the District Court expressly found at trial beyond a reasonable doubt that defendants conspired to distribute "large quantities" of marijuana a finding inconsistent with application of  841(b)(4). This was consistent with the evidence presented at trial.

Fitzgerald also contests the court's application of the higher statutory maximum by reason of a previous conviction for drug-related felonies. The basis for his argument is that the prior conviction which Fitzgerald does not now contest was not noted in the indictment, and was not established beyond a reasonable doubt at trial. In Apprendi, however, the Court excepted from its rule prior convictions: "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be  proved beyond a reasonable doubt." 530 U.S. at 490 (emphasis added). The Court declined to overrule its previous decision that prior conviction need not be so treated. See Almendarez-Torres v. United States, 523 U.S. 224 (1998). Whatever misgivings the Court may have expressed about that decision in Apprendi are, for these purposes, irrelevant. The Apprendi Court expressly declined to overrule it, and we are therefore bound by it. 530 U.S. at 489-490.

Accordingly, the judgments of sentence will be affirmed.

TO THE CLERK:

        Please file the foregoing opinion.


                                            Circuit Judge

DATED: